Scott E. Borg
Barber & Borg, LLC
P.O. Box 30745
Albuquerque, New Mexico 87190-0745
505-884-0004
505-884-0077 - facsimile
scott@barberborg.com
Pro Hac Vice Counsel for the Plaintiff

IN THE UNITED STATES DISTRICT
FOR THE DISTRICT OF ARIZONA

HARRISON CHARLEY,

    Plaintiff,

vs.

**COMPLAINT UNDER THE FEDERAL TORT CLAIMS ACT FOR INJURY DUE TO MEDICAL NEGLIGENCE**

THE UNITED STATES OF AMERICA,

    Defendant.

Plaintiff, Harrison Charley, aver for his complaint the following:

1. Harrison Charley resides in Ganado, Arizona, within the Navajo Indian Reservation.

2. This civil action seeks compensatory damages arising from the negligence of employees/personnel at Sage Memorial Hospital ("SMH") located in Ganado, Arizona, a facility operated by a tribal contractor through the U.S. Department of Health and Human Services and the Indian Health Service, with funding provided through Public Law 93-638, the Indian Self-Determination and Education Assistance Act.

**JURISDICTION AND VENUE UNDER THE FEDERAL TORT CLAIMS ACT**

3. This action is authorized by and is brought pursuant to the provisions of the Federal Tort claims Act (FTCA), 28 U.S.C. §1346(b) and 28 U.S.C. §2671, *et seq.,* and

also pursuant to 28 U.S.C. §1331.

4. Federal statutes, including the FTCA, vest this court with exclusive jurisdiction over plaintiff's claims in this case.

5. The FTCA makes the United States liable for the negligent acts and omissions of federal "employee."

6. Federal employees include, but are not limited to, employees of the Indian Health Service and to contractors and organizations such as SMH and its governing board.

7. At all times material to this case defendant United States contracted with, funded, and controlled SMH pursuant to Public Law 93-638, the Indian Self-Determination and Education Assistance Act.

8. SMH provides medical care to Native Americans, primarily Navajos, who are members of recognized tribes pursuant to various federal statutes and other law.

9. At all times material to this case defendant United States, acting through the Indian Health Service and SMH, held itself out to have the ability to provide medical care to members of the Navajo Nation and plaintiff at SMH, including the ability to address plaintiff's medical/health problems as to which plaintiff sought care at SMH.

10. Plaintiff, through legal counsel, presented to the United States Department of Health and Human Services a timely administrative claim under the FTCA alleging negligence by federal "employees" of SMH in the provision of medical care to plaintiff. (Exhibit 1).

11. As contemplated by statute, defendant has had more than six months to investigate plaintiff's claim and to attempt settlement with plaintiff.

12.     By statute, a claim presented under the FTCA is deemed denied by the United States six months after it is presented, and plaintiff is then authorized to file a lawsuit against the United States.

13.     Despite plaintiff providing defendant with documentation of his claim, defendant has not attempted to settle with plaintiff; nor has it denied his claim.

14.     Plaintiff has now exhausted his administrative remedies as required by the FTCA.

15.     Plaintiff is authorized by statute to file this action in the United States District Court for the District of Arizona.

16.     At all materials times, plaintiff was a tribal member of the Navajo Nation and was at all material times a resident in the Arizona portion of the Navajo Indian Reservation.

17.     Venue is proper in this district under 28 U.S.C. §1402(b).

**FACTUAL BACKGROUND**

18.     On September 14, 2013, plaintiff went to the SMH emergency department complaining of 10/10 right lower back pain.  Plaintiff reported he had injured his back 2 days prior when moving a heavy wheel barrel.

19.     During the visit of September 14, 2013, visit, plaintiff's abnormal vital signs included a pulse rate of 124, temperature of 102.3,  oxygen saturation rate of 89% on room air, and a blood glucose level of 411.

20.      During the September 14, 2013, visit, cultures were drawn and no radiological examinations or procedures were ordered.  Plaintiff was discharged home.

21.     On September 15, 2013, plaintiff returned to the SMH emergency room. Abnormal vital signs included a pulse rate of 114, temperature of 102.9, and a blood

glucose level of 301. He was diaphoretic with of 8/10 stabbing low back pain.

22. On September 15, 2013, plaintiff's blood cultures, which had been drawn on September 14, 2013, were positive for moderate gram positive cocci in pairs and moderate gram positive cocci in clusters.

23. Plaintiff was diagnosed, on September 15, 2013, with poorly controlled diabetes, fever, and sepsis. He was started on 1 gm IV Vancomycin and 1 gm IV Ancef and admitted to the hospital.

24. Plaintiff remained at SMH from September 16, 2013, to September 20, 2013. During his hospitalization, plaintiff was treated with the antibiotics Rocephin and gentamicin and he received physical therapy for his back.

25. On October 29, 2013, plaintiff had a follow up visit at SMH. He stated he had "pinched a nerve or something" and had pain that radiated down both legs. Examination on this date indicated decreased range of motion in the back, with a positive straight leg raise test. No radiological examinations were ordered. Plaintiff was diagnosed with sciatica, back pain, and DM II. He was prescribed Flexeril and Motrin and instructed to follow up in a month.

26. On November 3, 2013, plaintiff returned to SMH ER with continuing sharp (8/10) low back pain, which now encompassed his entire back and radiated to both legs. During this visit, plaintiff was diagnosed with acute low back pain and an acute strain/sprain. He was discharged home.

27. On November 12, 2013, plaintiff returned to SMH ER with 10/10 back pain, progressive weakness for the past 5 days, with vomiting, chills, weakness, lower extremity weakness, and severe distress. A lumbar spine CT scan was ordered. The CT scan indicated an end-plate fracture of L4 with a retropulsion of 5.5 mm. Plaintiff was

diagnosed with low back pain, cholecystitits (gall bladder inflammation), and a spinal hematoma vs. abscess. Plaintiff was transferred to Flagstaff Medical Center ("FMC") to receive a higher level of care.

28. At FMC, doctors diagnosed multiple paraspinal abscesses from infection, which caused the L4 fracture and the retropulsion. This was due to osteomyelitis at the L4 level related to MSSA and septicemia. Plaintiff underwent a decompressive laminectomy at L3-4, with open reduction of the L4 fracture and posterior fusion from L3 to L5, with pedicle screws in L3 to L5.

29. Plaintiff's recovery process included severe gastrointestinal hemorrhages related to pain medication as well as multiple PICC line infections. He was administered intravenous antibiotics for a prolonged period of time and then was switched to oral antibiotics, which ultimately caused the gastrointestinal hemorrhages. Also as a result of the deterioration of his lumbar spine due to infection and the surgical intervention, plaintiff suffered a loss of bladder and bowel function for a period of time.

## CAUSE OF ACTION - DUTY, NEGLIGENCE, AND CAUSATION

30. Plaintiff repeats the averments stated in the preceding paragraphs and incorporates them by reference as part of their first count of negligence.

31. The United States is legally responsible for the negligent actions of SMH's employees, while those employees are performing job duties for the employer or engaged in furtherance of the interests of the employer.

32. The involved staff who participated in the medical care of plaintiff were employees of the Indian Health Service at all pertinent times.

33. Those employees were on the job performing job-related duties for SMH at the time they were engaged in providing healthcare to plaintiff.

34. If any SMH staff were not actual employees of the Indian Health Service at the time of the incident(s), they may have been contract employees whose contracts with the defendant provide that the defendant is liable under the Federal Tort Claims Act for their negligence.

35. If any negligent SMH staff was not an actual employee of the Indian Health Service at the time of the incident(s), and the preceding paragraphs 18-29 do not apply, they may have been contract employees for whom the defendant is vicariously liable under the Federal Tort Claims Act pursuant to the doctrines of law such as agency and *respondeat superior*.

36. Defendant had a duty to exercise reasonable care in the diagnosis and treatment of plaintiff and to possess and use the degree of skill and learning ordinarily used in the same or similar circumstances by members of their professions in the provision of healthcare.

37. The involved staff breached the duty of reasonable care owed to plaintiff and are guilty of the following negligent actions and omissions by failing to measure up to the applicable standards of care, skill, and practice required of members of their professions, to wit:

    a. Failure to take x-rays;

    b. Failure to consider plaintiff's diabetic history;

    c. Failure to interpret plaintiff's abnormal laboratory values and apply said values into plaintiff's diagnosis and appropriate plan of care;

    e. Failure timely and properly to diagnose plaintiff's spinal fracture, and its cause, even while plaintiff was hospitalized at SMH;

    f. Failure to recognize that plaintiff's continuing back pain and it's history of

radiating down to both legs was a sign of an infectious disease process that was destroying his lumbar spine; specifically, at the L4 level;

g.  Failure to seek out guidance and consultation regarding controlling plaintiff's extremely elevated blood glucose levels;

h.  Failure to seek out guidance and consultation regarding the infectious disease process that was festering within plaintiff's lumbar spine; and,

i.  Negligently and carelessly failing to measure up to the requisite standards of care and skill required and observed in the field of medicine and emergency medical care provided by physicians, and related fields, while performing or engaged in healthcare, and in further particulars that, at this time, are not known to plaintiff as to the specific facts, but which are believed and hereby alleged will be disclosed during discovery and in the course of the litigation.

j.  The negligent actions and omissions of the SMH staff were actions and omissions for which the United States would be liable to plaintiff for negligence under the laws of the State of Arizona, the place where the incident occurred, if the United States were a private individual at fault for the same negligence.

38.  At all times material hereto, plaintiff was a patient of the Indian Health Services, an agency of the United States Department of Health & Human Services, and was in the care and custody of SMH and involved staff, dependent upon the government, the hospital, and the hospital staff for his medical care.

39.  Defendant United States, acting through its employees, negligently failed to provide appropriate, reasonable, and required medical care to plaintiff, which gives rise to a negligence cause of action against defendant, as laid out herein.

40. As a direct and proximate result of the negligence of defendant United States and its employees, plaintiff has endured multiple surgeries, pain and suffering, past and future medical costs, permanent mobility impairment, permanent disfigurement, past and future financial losses, impairment to his activities of daily living, and such other injuries and damages that will be proven at the trial of this matter.

## DAMAGES

41. Under the FTCA and the law of the place of the wrong, the State of Arizona, plaintiff is entitled to compensatory damages for his losses, both special and general, non-medical expenses incurred, and loss of value of household services. Defendant United States is liable to plaintiff for his losses and plaintiff hereby claims a right to recover all allowable damages recognized by Arizona, whether specifically mentioned herein or not.

## CONCLUSION

**WHEREFORE**, plaintiff prays for the court to enter judgment for plaintiff and to order that he be compensated for all losses allowed or recognized by law, for an award of allowable costs, and for such other relief as recognized under the laws and rules that govern this case.

Respectfully submitted,

*/s/Scott E. Borg*
Barber & Borg, LLC
Attorneys for the Plaintiffs
P.O. Box 30745
Albuquerque, New Mexico  87190-0745
505-884-0004
scott@barberborg.com